UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**MARIE J. LUCEL**                         Case No.:

    Plaintiffs,                         **Complaint**

vs.

**PUBLIX SUPER MARKETS, INC.,**

**A Florida Corporation**,

    Defendant.
_____/

    Plaintiff, **MARIE J. LUCEL** (herinafter referred to as "Plaintiff" or "Ms. Lucel") sues defendant, **PUBLIX SUPERMARKETS, INC**., a Florida corporation (hereinafter referred to as "Publix" or "Defendant"), and alleges as follows:

### Introduction

    1.    This is a racial and national origin discrimination action by Plaintiff , a black/Haitian, whom, **One**, Plaintiff worked for Publix and during her employment she was subjected to a hostile work environment due to her race and national origin until his wrongful termination that was based upon false accusations.  Plaintiff sue pursuant to the Florida Civil Rights Act, Chapter 760, Fla. Stat. ("FRCA"), and section 725.07, Florida Statutes, the Plaintiff also sues under 42 U.S.C. 1981 for violations of the Plaintiffs equal rights, and under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. Section 2000e *et seq.* ("Title VII").   Plaintiff seek

damages and her costs, including a reasonable attorney's fees and litigation expenses.

## Jurisdiction and Venue

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337 and 1343. This action arises under 42 U.S.C. Sections 2000e *et seq.* and 42 U.S.C. Sections 1981 and 1981a. This Court has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. Section 1367.

2. Venue is proper in Southern District of Florida because Publix conducts its business in Broward County, Florida, and because the cause of action arose there.

3. Venue is proper under is 42 USC 1981 in state court based upon concurrent jurisdiction of statute.

## The Parties

4. Plaintiff is a black female, born in Haiti, who, at all times and material, was employed by Publix.

5. Publix is, and , at all times material a Florida corporation doing business in Broward County, Florida.  At all times material, Publix employed 15 or more persons and is  and was an "employer" defined statutes that suit is brought under in this matter.

## Conditions Precedent

6. Plaintiff has exhausted her administrative remedies. Plaintiff filed a charge of discrimination . Thereafter, by letter dated  the EEOC issued Plaintiff a Notice of Right to Sue dated March 31, 2014; Case No.: 510-2011-03074.

Plaintiff initiated this action within ninety (90) days of receipt of the EEOC's Notice of Right to Sue.  All conditions precedent to institution of this action by Plaintiff has been fulfilled.

7.  All other conditions precedent to this action have been satisfied and/or waived.

## General Allegations

8.  Plaintiff was, at all times material, qualified for her position as a a position that he performed satisfactorily.  That Plaintiff was hired at Publix and was not given the same opportunities as her white comparators for advancement.

9.  Plaintiff was subjected to a hostile work environment by both supervisors and management.  That other employees that were black and Haitian were also subjected to ridicule about their ability to move up at Publix due to their color of their skin. and after numerous complaints by the Plaintiffs to the human resource department, nothing was done about the continued behavior by these white supervisors and management that continued until the wrongful termination of the Plaintiffs.

10. That the Plaintiff was written up and was used as a basis of termination by the same white supervisors and management who previously used racial epithets towards the Plaintiffs and other blacks and Haitians working for Publix.  That no evidence exists to support such a claim, and this  false accusation was used to cover the smoke filled hostile work environment that each of the Plaintiff was subjected to and other black and Haitians working at Publix.

11. Publix, through the actions more specifically alleged above, affected Plaintiff, in a "term, condition or privilege" of their employment.

12. The treatment to which Publix, through its agents and employees, subjected the Plaintiffs which was based upon them being black and Haitian : Publix believed that Plaintiff would tolerate abusive working conditions because this was the "best" job they could ever have because of their race.  When they said they would no longer tolerate the discrimination that they were subjected to and made complaints about the white supervisors and management, she was terminated.

### Count I
### Violation of the FCRA
[As to Plaintiff]

13. Plaintiff realleges and adopts the allegations of paragraph 1 through 12.

14. The acts of Publix and its agents, as more particularly alleged above, violated Plaintiff rights against national origin under the Florida Civil Rights Act.

15. The national origin discrimination and adverse employment actions to

which Plaintiff was subjected to were based upon him being Haitian.

16. The conduct of Publix and its agents, proximately, directly, and foreseeably injured Plaintiff, including but not limited to creating a hostile work environment as described above resulting in his termination and lost wages and benefits; future pecuniary losses; past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

17. The conduct of Publix and its agents was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff , as to entitle him to an award of exemplary damages to punish Publix, and to deter it, and others from such conduct in the future.

18. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to section 760.11(05), Florida Statutes.

WHEREFORE,  Plaintiff prays that this Court will:

**One**, enjoin Publix , and its agents, from continuing to violate Plaintiff's Germaine's rights under the FCRA;

**TWO,** enjoin Publix to make Plaintiff whole through, <u>inter alia</u>, back pay and front pay;

**THREE** grant Plaintiff judgment for damages, including punitive damages, against Publix;

**FOUR,** award Plaintiff his reasonable attorney's fees and litigationexpenses against Publix; and

**FIVE** provide Plaintiff any other relief that is appropriate.

### Count II/Violation of the Section 725.07, Fla. Stat.
[As to Plaintiff]

19. Plaintiff realleges and adopts the allegations of paragraph 1 through 12.

20. The acts of Publix and its agents, as more particularly alleged above, violated Plaintiff rights against racial discrimination under section 725.07, Florida Statutes, with respect to the services he performed for Publix.

21. The racial discrimination to which Plaintiff was subjected to was based upon her being black.

22. The conduct of Publix and its agents, proximately, directly, and foreseeably injured Plaintiff, including but not limited to creating a hostile work environment as described above resulting in his termination and lost wages and benefits; future pecuniary losses; past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

23. The conduct of Publix and its agents was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff , as to entitle her to an award of exemplary damages to punish Publix, and to deter it, and others from such conduct in the future.

24.  Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to section 725.07(2), Florida Statutes.

WHEREFORE,  Plaintiff prays that this Court will:

WHEREFORE,  Plaintiff prays that this Court will:

**One**, enjoin Publix , and its agents, from continuing to violate Plaintiff's

rights under the FCRA;

**TWO,** enjoin Publix to make Plaintiff whole through, <u>inter alia,</u> back pay and front pay;

**THREE,** grant Plaintiff judgment for damages, including punitive damages, against Publix;

**FOUR,** award Plaintiff his reasonable attorney's fees and Litigation expenses against Publix; and

**FIVE** provide Plaintiff any other relief that is appropriate.

***Six,*** provide Plaintiff any other relief that is appropriate.

### Count IV/Violation of the Section 42 U.S.C. 1981
[As to Plaintiff]

25. Plaintiff realleges and adopts the allegations of paragraph 1 through 12.

26. Plaintiff is a member of a protected class because of her race being a black person of color.

27. Publix was in violation of 42 U.S.C. Section 1981 by disparate treatment and hostile work environment of Plaintiff based upon her race as black person of color.

28. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect his status as employee because of her race.

29. The unlawful employment practices complained of were intentional.

30. The unlawful employment practices against the Plaintiff was done with malice or reckless indifference to the Plaintiff's federally protected rights.

31. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff Germain compensatory damages, lost back pay, reinstatement and/or front pay, punitive damages, attorney's fees and costs, together with such other relief as this Court deems just and proper. .

## COUNT V
## DEFENDANT HAS VIOLATED TITLE VII
### (Disparate Treatment)

32. Plaintiff adopts and realleges paragraphs **1-12 a**bove as if incorporated herein.

33. Plaintiff is a member of a protected class because of her National Origin and Race.

34. The Defendant is an employer that employs over 100 people, and is subject to 42 U.S.C. Section 2000e et seq.

35. That the Plaintiff throughout her tenure with Defendant suffered disparate treatment in the terms and conditions of his employment as described in Paragraphs 1-12 above.

36. The Plaintiff was not provided the same terms, conditions and

privileges as her white comparators.

37. The Defendant has intentionally discriminated against Plaintiff because of her National Origin and Race in violation of Title VII, 42 U.S.C. Section 2000e et seq. by disparate treatment of Plaintiff based upon her national origin and race.

38. The unlawful employment practices complained of were intentional.

39. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's federally protected rights.

40. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), and FCRA, the Plaintiff hereby demands a trial by jury on all issues triable of rights by a jury.

Respectfully submitted,

ROMANO LAW CENTER, P.A.
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
(561) 271-1769 tel.
(561) 299-3892 fax.

By:   /s/ Jay F. Romano

                                        Jay F. Romano  
                                        Trial Attorney  
                                        Florida Bar No.: 0934097